RE: SELF INSURANCE FOR RURAL WATER DISTRICTS
ALTHOUGH I BELIEVE I RECALL DISCUSSING THE ISSUE WITH YOU, AFTER CHECKING AROUND, I HAVE NOT BEEN ABLE TO LOCATE ANY CORRESPONDENCE REGARDING YOUR QUESTION WHETHER RURAL WATER DISTRICTS MAY SELF-INSURE UNDER THE POLITICAL SUBDIVISION TORT CLAIMS ACT.
I HAVE LOOKED OVER THE STATUTES REGARDING POLITICAL SUBDIVISION TORT CLAIMS, CODIFIED AT 51 O.S. 151 (1981) ET SEQ., AS AMENDED. ALTHOUGH I DO NOT PURPORT TO BE AN EXPERT IN THIS FIELD, IT DOES APPEAR TO ME THAT THERE MAY BE A PROBLEM IN SELF-INSURING BY RURAL WATER DISTRICTS. THE TORT CLAIMS ACT PROVIDES THAT A "POLITICAL SUBDIVISION" INCLUDES A DISTRICT FORMED PURSUANT TO THE RURAL WATER, SEWER, GAS AND SOLID WASTE MANAGEMENT DISTRICTS ACT. SEE 51 O.S. 152(A)(G) (1987). HOWEVER, I DO NOT FIND A PROVISION IN THE TORT CLAIMS ACT WHICH APPEARS TO AUTHORIZE SELF-INSURANCE BY RURAL WATER DISTRICTS. SECTION 51 O.S. 167 OF THE ACT AUTHORIZES MUNICIPALITIES, AS THEY ARE DEFINED IN THE ACT, TO SELF-INSURE, 168 AUTHORIZES SCHOOL DISTRICTS TO SELF-INSURE, AND 51 O.S. 169 AUTHORIZES COUNTIES TO SELF-INSURE. THESE SPECIFIC AUTHORIZATIONS TEND TO IMPLY THAT WITHOUT SPECIFIC AUTHORIZATION SELF-INSURANCE IS NOT ALLOWED. ON THE OTHER HAND, 82 O.S. 1324.10 (1987) CONFERS BROAD POWERS TO THE RURAL WATER DISTRICTS. EXAMINATION OF THESE POWERS MIGHT BE NECESSARY IN ORDER TO DETERMINE WHETHER BY IMPLICATION THEY INCLUDE AUTHORIZATION TO SELF-INSURE.
ALTHOUGH IT IS MY INFORMAL OPINION THAT THE DISTRICTS PROBABLY CANNOT SELF-INSURE, I EMPHASIZE THAT FURTHER EXAMINATION OF THE QUESTION, AND PROBABLY A FORMAL A.G. OPINION, WILL BE NECESSARY TO PROVIDE A MORE DEFINITIVE ANSWER.
(SUSAN BRIMER LOVING)